**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti, Esq.
California Bar No. 275089
2200 Ross Avenue
Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. LAURIE KLEIN, DR. CRAIG MAURER, DR. STEVE LIRINGIS AND LISA LIRINGIS, DR. TODD ANTOVICH AND CAROL ANTOVICH, DR. RANDY MANTZ AND CARLENE MANTZ, DR. PAMELA HART, DR. GREG MOLIS, DR. LES COHEN, DR. KEN CARLE, DR. SHANE STAKER AND KELLY STAKER, DR. KEITH ALEXANDER, BETSY STUMMER, DR. JOHN SUTO AND DR. BILLIE SUTO, DR. JEFFREY FAILING, DR. MICHAEL GAGNON, DR. CRAIG LADOW, MIMI H. DUONG, DR. CRAIG THORNALLY, DR. MARK de DUBOVAY AND BARBARA de DUBOVAY, DR. RONALD B. SANDERS, DR. PEGGY ANDERSON, AND DR. PAM WACHHOLZ AND BOB NESTE<br><br>*Plaintiffs,*<br><br>vs.<br><br>PARKER UNIVERSITY,<br><br>*Defendant.* | Civil Action No. 20-CV-03194-RS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS**<br><br>**Demand for Jury Trial**<br><br>**Complaint Filed:** May 9, 2020<br>**Trial Date:**     None Set<br><br>**Hearing Date:**  February 11, 2021<br>                 1:30 p.m.<br><br>**Judge:**         Hon. Richard Seeborg |

## I. INTRODUCTION

Defendant Parker University ("Parker") asks this Court to dismiss the claims of several Plaintiffs in this action for want of personal jurisdiction. Plaintiffs believed, and continue to believe, that sufficient facts exist to confirm both general and specific jurisdiction against Parker University in California. At this stage, however, with no discovery available, Plaintiffs are unable to confirm the veracity of the facts asserted by Parker, the basis for those facts, or to proffer factual information sufficient to refute them as a matter of law. Plaintiffs' difficulty is exacerbated to a large extent by Parker's failure to include a fact section in its brief or to delineate and provide citations for the alleged facts it asserts.

Thus, Plaintiffs request an opportunity for limited and focused jurisdictional discovery before having to respond substantively to Parker's motion, discovery which routinely is available to plaintiffs facing motions to dismiss on jurisdictional grounds. *See, e.g., Negron-Torres v. Verizon Communs.*, 478 F.3d 19, 27 (1st Cir. 2007); *Orion Seafood Int'l, Inc. v. Supreme Grp. B.V.*, No. 11-cv-562-SM, 2012 U.S. Dist. LEXIS 122619, at *3 (D.N.H. Aug. 29, 2012). Jurisdictional discovery was also available to the plaintiffs in *Daimler AG v. Bauman*, 571 U.S. 117, 124 (2014), the Supreme Court case that Parker's motion relies on. There the Court noted that not very much in the way of discovery would likely be necessary, but the majority opinion expressed no concern over the likely need for jurisdictional discovery to resolve motions to dismiss on personal jurisdiction grounds. *Id*. at 139 n.20

## II. STATEMENT OF ISSUES

Parker moved to dismiss the claims of several of the Plaintiffs for want of personal jurisdiction. Whether to grant that motion, deny it, or provide Plaintiffs with limited and focused jurisdictional discovery before ruling is the question before the Court. Plaintiffs respectfully

submit that the discovery they seek would cause very little burden, consume very little time, and cause no unnecessary delay.

### III. SUMMARY OF FACTS

This case arises out of Parker's provision of continuing-education seminars for chiropractors. First Amended Class Action Complaint ("Complaint"), ¶¶ 1-2. The seminars were part of the university's continuing-education department and were co-sponsored by Down.[1] *Id*. ¶¶ 25-27, 43. Parker and Down agreed to conduct ("co-sponsor") the seminars jointly and did so. *Id*. ¶¶ 1-2, 25-27.

Down—who had been previously charged by the SEC with running a Ponzi scheme—ran another Ponzi scheme, this time within the unsupervised, co-sponsored Parker seminars. *Id*. ¶¶ 2, 37, 42, 53-73. Plaintiffs attended the co-sponsored seminars, *id*. ¶¶ 74-103, lost millions in the Ponzi scheme, *id*. ¶¶ 3, 74-103, and sued Parker for negligence and statutory violations in connection with the seminars, *id*. ¶¶ 114-153.

Defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction on October 29, 2020 [Doc. 24] ("Motion"). Plaintiffs' response to the Motion is currently due on December 29, 2020. Defendant's reply is currently due on January 19, 2021. The hearing is set for February 11, 2021. Plaintiffs submit that limited and focused jurisdictional discovery may obviate the need for further briefing on the pending motion.

### IV. ARGUMENT & AUTHORITIES

Importantly, Plaintiffs do not dispute in general Parker's description of the law on general and specific jurisdiction. And Plaintiffs agree that there is no pendent jurisdiction over the claims in the operative pleading. But without any discovery—without even sworn testimony from

---

[1] As in the First Amended Class Action Complaint, Plaintiffs here collectively reference Steve Down and the companies he owned and controlled as "Down."

Plaintiff's Response to Defendant's Rule 12(b)(2) Motion to Dismiss – Page 3     No. 20-CV-03194-RS

Parker—Plaintiffs are unable to confirm or concede the factual underpinnings of the jurisdictional arguments.

At the time Plaintiffs filed their Original and First Amended Complaints, they believed sufficient facts existed to establish that California Courts had both specific and general jurisdiction over Parker University. Parker does not dispute that it conducted significant business in California over a number of years or that the California Courts have jurisdiction over the claims of Plaintiffs who either attended seminars in California or who are residents of California. Plaintiffs believed, and continue to believe, that Parker has sufficient business, employees, and commercial presence in the state such that it may be considered a resident of California for jurisdictional purposes and general jurisdiction could be maintained over the non-resident Defendant as well. Parker denies these factual allegations, and without the requested limited jurisdictional discovery, Plaintiffs are unable to agree with or refute Parker's contentions. Plaintiffs well-pled allegations, taken as true for purposes of dismissal under a Rule 12 motion, are sufficient to establish both general and specific jurisdiction. Moreover, additional facts and evidence known only to Parker, or that are not generally available or known to the public, including Plaintiffs, could only be uncovered through the requested, limited discovery. If the Court is inclined to believe the factual allegations in Parker's Motion to Dismiss, Plaintiffs respectfully request the ability to uncover and establish facts refuting Parker's statements and confirming its good faith belief, and well-pled allegations of both general and specific jurisdiction in California.

In *Daimler AG v. Bauman*, 571 U.S. 117, 124 (2014), and elsewhere, courts routinely allow plaintiffs a brief look under the surface of defendants' factual assertions concerning personal jurisdiction. Plaintiffs ask only for an extremely targeted peek here, amounting to a half-day deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure, a single interrogatory, and a document request. That is it.

Plaintiff's Response to Defendant's Rule 12(b)(2) Motion to Dismiss – Page 4       No. 20-CV-03194-RS

Parker is a private university who is not subject to the kinds of public disclosures that public universities are, and whose structure and facilities are not part of the public record. The "About Us" link on Parker's current web site, which this Court can take judicial notice of, says that in 1951 Dr. James William Parker created a foundation "to conduct postgraduate chiropractic seminars" which are "known today as Parker Seminars." But the university, the same page says, was first chartered much later, in 1978. And it says "approximately two-thirds of the world's doctors of chiropractic" have attended Parker Seminars. (There is no comparable statement with regard to the university.)

What precisely "Parker Seminars" is and where precisely it is located are appropriate topics of jurisdictional discovery. It is undisputed that many Parker Seminars were conducted in California and that Parker generated, and likely continues to generate, significant revenue from California. How many employees and the exact presence Parker maintained in California during all relevant times is not information that is known or knowable to Plaintiffs. And no evidence as to either is provided in the pending motion. In light of the lack of clarity regarding the factual basis for the present motion, Plaintiffs submit that their request is reasonable, unburdensome, and appropriate.

## V. CONCLUSION

Plaintiffs therefore request an opportunity for tailored jurisdictional discovery, as described above, in order to respond fully and fairly to Parker's jurisdictional arguments.

1   Date:  December 29, 2020         Respectfully submitted,

2                                    **SBAITI & COMPANY PLLC**

3                                    */s/ Mazin A. Sbaiti*
4                                    **Mazin A. Sbaiti**
    California Bar No. 275089
5                                    mas@sbaitilaw.com
    **Brad J. Robinson**
6                                    Texas Bar No. 24058076
    bjr@sbaitilaw.com
7                                    JPMorgan Chase Tower
    2200 Ross Avenue – Suite 4900W
8                                    Dallas, TX  75201
    T:  (214) 432-2899
9                                    F:  (214) 853-4367
10
11                                   ATTORNEYS FOR PLAINTIFFS